Frank P. Simeone, Esq. Counsel, Board of Fire Commissioners Stony Point Fire District
I am writing in response to your request for an Attorney General's opinion as to whether the offices of town fire inspector and fire department chief are compatible.
As your letter notes, the Town of Stony Point has traditionally appointed the person who serves as chief engineer of the Volunteer Fire Department of the Stony Point Fire District as the town fire inspector. The position of town fire inspector is a salaried one, unlike the chief engineer who receives no salary. You have asked whether these two offices are compatible.
In the absence of a constitutional or statutory prohibition against dual-officeholding, one person may hold two offices simultaneously unless they are incompatible. The leading case on compatibility of office isPeople ex rel. Ryan v Green, 58 N.Y. 295 (1874). In that case the Court held that two offices are incompatible if one is subordinate to the other or if there is an inherent inconsistency between the two offices. The former can be characterized as "you cannot be your own boss", a status normally easy to see. The latter is not easily characterized, for one must analyze the duties of the two offices to ascertain whether there is an inconsistency. An obvious example is the inconsistency of holding both the office of auditor and the office of director of finance.
There are two subsidiary aspects of compatibility. One is that, although the common law rule of the Ryan case is limited to public offices, the principle equally covers an office and a position of employment or two positions of employment. The other is that, although the positions are compatible, a situation may arise where one has a conflict of interest created by the simultaneous holding of the two positions. In such a situation the conflict is avoided by declining to participate in the disposition of the matter. If such situations are inevitable as opposed to being possibilities, there is an inherent inconsistency in the positions.
Section 176-a of the Town Law sets forth the duties of the chief engineer of a fire district. The chief engineer, under the direction of the board of fire commissioners, has "exclusive control of the members of the fire department of the fire district at all fires, inspections, reviews and other occasions when the fire department is on duty or parade" (Town Law, § 176-a). Other duties of the chief include the following:
 "he shall also have supervision of the engines, fire trucks, pumpers, hose wagons and other apparatus and of the equipment and other property used for the prevention or extinguishment of fire and of all officers and employees of the fire department. He shall see that the rules and regulations of the board of fire commissioners are observed and that the orders of the board of fire commissioners are duly executed. He shall, whenever required by the board of fire commissioners, report to said board the condition of the property of said fire district and such other information as may be required of him. He shall hold the members, officers and employees of the fire department strictly to account for neglect of duty and may suspend them for improper conduct, subject to the action of the board of fire commissioners at its next meeting" (id.).
We find that this dual officeholding does not violate the subordination aspect of compatibility. The chief engineer of the fire department is appointed by, and is responsible to the board of fire commissioners of the fire district (Town Law, §§ 176[11-a], 176-a). The board of fire commissioners is elected pursuant to a separate election process (id.,
§ 175) and is separate and distinct from the town board, which is responsible for the appointment of the town fire inspector (id., § 130).
Section 130 of the Town Law provides that the town board can create the position of town fire inspector and charge the inspector with particular duties (Town Law, § 130[5]; see 1976 Op Atty Gen [Inf] 288). The duties listed in the job description you have provided include the inspection of structures in the process of construction or repair for compliance with fire safety requirements, and the investigation of actual fires and fire hazards.* In our view, the inspector's duties do not include review or investigation of fire department activities. There is nothing in the nature of the position of town fire inspector which conflicts with the duties of the chief engineer as set forth in section176-a of the Town Law. Although the chief engineer's duties include the duty to inspect for fire hazards, etc., we do not see this as conflicting with the town inspector's duties. There may be some overlap in the duties, but this does not create a conflict, since the same public purpose is being served in both capacities: fire prevention and safety.
We conclude that the positions of chief engineer of a fire department of a fire district and town fire inspector may be held simultaneously by the same person.
* The full duties read as follows:
"Inspects buildings and structures in the process of construction or repair for compliance with pertinent fire prevention requirements;
Examines and inspects buildings for compliance with the Multiple Residence Law;
Investigates complaints alleging existence of fire hazards or other violations;
Assists in investigation of fires to determine if a violation of law or of fire prevention rules and regulations contributed to the cause of the fire or to the loss of life or property;
Records and reports, as may be required, all violations of pertinent fire prevention regulations;
Maintains records and prepares reports of all inspection and enforcement activities;
Assists in prosecuting violations of Multiple Residence Law and of fire prevention codes; . . ."